IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WILLIAM FRISBY | : | NO. 11-564-5 |

MEMORANDUM

Bartle, J.                                                    October 13, 2011

Before the court is the appeal of defendant William Frisby from an Order of a magistrate judge granting the government's motion for pretrial detention and the motion of defendant Frisby for pretrial release. We review de novo an Order from a magistrate judge granting a criminal defendant pretrial detention. See 18 U.S.C. § 3145(a); United States v. Delker, 757 F.2d 1390, 1395 (3d Cir. 1985).

Frisby is one of fifteen defendants charged in a sixty-nine-count superseding indictment related to a drug distribution network the government alleges the defendants operated in the vicinity of 5th and Christian Streets in Philadelphia, Pennsylvania. Frisby is named a defendant in three of the sixty-nine counts. The superseding indictment charges him with conspiracy to distribute 280 grams or more of cocaine base, heroin, marijuana, oxycodone, and alprozalam in violation of 21 U.S.C. § 846 (Count I); use of a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (Count XXXI); and possession of heroin, marijuana, and cocaine

base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count LX).

Frisby appeared before a magistrate judge on September 29, 2011 for an arraignment and a hearing on the motion of the United States for pretrial detention. At the conclusion of the hearing, the magistrate judge granted the motion and detained Frisby pending further proceedings (Doc. #54). Frisby subsequently filed an appeal of the magistrate judge's bail order and a motion for pretrial release in this court, and we held an evidentiary hearing on October 12, 2011. At the hearing, the court heard testimony from a federal case agent, two Philadelphia police officers, and Frisby's wife, Chantelle Nelson.

The Bail Reform Act governs the issue of pretrial detention. 18 U.S.C. § 3142. A person is either to be (1) released on personal recognizance or upon execution of an unsecured bond; (2) released on conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained. Id. at § 3142(a). Because Frisby allegedly conspired to distribute over 280 grams of cocaine base, he faces a maximum prison term in excess of ten years. See 21 U.S.C. §§ 841(b)(1)(A)(iii), 846. Accordingly, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] ... as required and the safety of ... the community ...." 18 U.S.C. § 3142(e)(3)(A).

In deciding whether there are any conditions of release that will achieve these goals, the Bail Reform Act requires us to consider the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release ....

18 U.S.C. § 3142(g).

Frisby is charged with serious crimes involving the distribution of narcotics. If convicted, he faces a possible life sentence. The government has strong evidence of Frisby's involvement in these crimes, including audio recordings that implicate him. Frisby has one previous conviction for possession of marijuana from 2010 and two previous convictions for unauthorized use of an automobile and for automobile theft from

1996 and 2000, respectively.  In addition, Frisby failed to appear in state court for a proceeding on June 6, 2001.

Although there was some dispute at the hearing about Frisby's work history, he informed Pretrial Services that he has been unemployed for eighteen months, except for the day of his arrest.  He was then working as a contractor.  Furthermore, Frisby acknowledges that he has a marijuana habit, and Pretrial Services found through a urinalysis that he tested positive for opiates, benzodiazepines, canabinoids, and oxycodone.

Considering all of these facts, Frisby has not rebutted the presumption that no set of conditions for pretrial release will assure the safety of the community.  We find no error in the pretrial detention of Frisby ordered by the magistrate judge and will affirm his Order of September 29, 2011.