IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM FRISBY | : | NO. 11-564-05 |

MEMORANDUM

Bartle, J.                                                          July 10, 2012

       Before the court is the motion of defendant William Frisby for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.[1]

       On June 24, 2011, a jury convicted Frisby of several offenses related to the distribution of drugs, including conspiring to knowingly and intentionally distribute 28 grams or more of cocaine base ("crack"), 500 grams or more of cocaine, and quantities of heroin, marijuana, oxycodone, and alprozalam in violation of 21 U.S.C. § 846. Frisby contends that the evidence introduced by the government at trial was insufficient to support

---

1. Frisby incorrectly titled his motion as a motion for a new trial pursuant to Rule 29. It is Rule 33 of the Federal Rules of Criminal Procedure, not Rule 29, that governs motions for a new trial. Frisby does not mention Rule 33 in his argument. The substance of Frisby's motion seeks entry of a judgment of acquittal under Rule 29(c). The government also recognized Frisby's mistake and treated the motion as a request for a judgment of acquittal under Rule 29.

his conviction for conspiracy to distribute controlled substances.[2]

Because the court must give deference to a jury's verdict, the convicted defendant carries "a very heavy burden" in bringing a motion under Rule 29.  United States v. Coyle, 63 F.3d 1239, 1243 (3d Cir. 1995); see United States v. Rosario, 118 F.3d 160, 162-63 (3d Cir. 1997).  In evaluating a motion challenging the sufficiency of the evidence introduced at trial, the court "must determine whether a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses."  United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991); see United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005).  Accordingly, we review the record in the light most favorable to the government.  United States v. Gibbs, 193 F.3d 188, 197 (3d Cir. 1999).  We will find the government introduced insufficient evidence to support a conviction only where "the prosecution's failure is clear."  United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

To convict Frisby of conspiracy, the government was required to prove beyond a reasonable doubt that he shared a "unity of purpose" with his co-conspirators, that he had an "intent to achieve a common goal," and that there existed "an

---

2.  Frisby does not challenge the sufficiency of the evidence with respect to the other crimes of which the jury convicted him.

agreement to work together toward that goal." Gibbs, 193 F.3d at 197. In determining whether the evidence supports a conviction for conspiracy to distribute drugs, we may consider "the length of affiliation between the defendant and the conspiracy; whether there is an established method of payment; the extent to which transactions are standardized; and whether there is a demonstrated level of mutual trust." United States v. Iglesias, 535 F.3d 150, 156 (3d Cir. 2008) (quoting Gibbs, 193 F.3d at 199). We also may consider the size of the transactions at issue. Gibbs, 193 F.3d at 199.

Among other evidence, the jury heard testimony that Frisby sold drugs in the area of the Courtyard Apartments, a housing complex in the area of Fifth and Christian Streets in Philadelphia. Although he lived in a different area of the city, Frisby was regularly present in the parking lots of the Courtyard Apartments selling drugs alongside a number of other drug dealers, some of whom were named in the indictment in this case. There was no apparent competition or animosity among the sellers in that relatively small area. Like other defendants who sold drugs in the area of the Courtyard Apartments, Frisby purchased crack cocaine from Mayoshi Sanders, an individual who frequented the Courtyard Apartments and with whom Frisby had a long-standing relationship. Sanders testified that he sold drugs to Frisby and others on more than one occasion. Additionally, the jury heard the recording of a conversation in which Frisby ordered from Sanders a quantity of crack cocaine typically repackaged for

resale to drug users.  The jury heard recordings of calls in which Frisby agreed to sell marijuana to Sanders and offered to aid Sanders in locating jars to store marijuana.  Following the execution by federal agents of a search warrant on Sanders' home, Sanders and Frisby discussed by phone others whose homes had been searched.  The government also played for the jury a recording of a conversation in which the two men bemoaned the short supply of cocaine available in the Philadelphia area.  In all, the government introduced evidence of 340 phone calls between Frisby and other alleged co-conspirators, including Mayoshi Sanders, during the period March 21, 2011 and May 10, 2011.

Drawing all reasonable inferences in the government's favor, the court finds that the evidence introduced at trial was sufficient to support the jury's verdict that Frisby was guilty, beyond a reasonable doubt, of conspiracy to distribute controlled substances.  The motion of Frisby for a judgment of acquittal will be denied.